IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB 2 8 2011

GREGORY C. LANGHAM
CLERK

Civil Action No. 10-cv-02681-BNB

RODNEY R. VALENZUELA,

      Applicant,

v.

ANGEL MEDINA, Warden, L.C.F., and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

      Respondents.

---

ORDER TO DRAW CASE
TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

---

Applicant, Rodney R. Valenzuela, is a prisoner in the custody of the Colorado Department of Corrections at the Limon Correctional Facility in Limon, Colorado.  Mr. Valenzuela initiated this action by filing *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. #2).  Mr. Valenzuela is challenging the validity of his convictions in Jefferson County District Court case number 04CR0288.

On November 10, 2010, Magistrate Judge Boyd N. Boland directed Respondents to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A) if Respondents intend to raise either or both of those affirmative defenses in this action.  On November 30, 2010, Respondents filed their Pre-Answer Response (Doc. #10).  On December 28, 2010, Mr. Valenzuela filed a reply to the Pre-Answer Response (Doc. #11).  On January 14, 2011, Magistrate Judge Boland directed

Respondents to file a supplement to their Pre-Answer Response that addresses the affirmative defense of procedural default.  On January 28, 2011, Respondents filed their Supplement to Pre-Answer Response (Doc. #14).

The Court must construe the application and other papers filed by Mr. Valenzuela liberally because he is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will draw this case to a district judge and to a magistrate judge.

Mr. Valenzuela was convicted by a jury of first degree murder after deliberation, felony murder, first degree kidnapping, attempted robbery, and conspiracy to distribute a controlled substance.  At sentencing, the trial court vacated the felony murder conviction because it merged with the conviction for first degree murder after deliberation and sentenced Mr. Valenzuela to two consecutive terms of life imprisonment without the possibility of parole plus an additional twenty-two years in prison.  The judgment of conviction was affirmed on direct appeal.  *See People v. Valenzuela*, No. 05CA1992 (Colo. App. Apr. 24, 2008) (unpublished) (Doc. #10-3).  On September 2, 2008, the Colorado Supreme Court denied Mr. Valenzuela's petition for writ of certiorari on direct appeal.  (*See* Doc. #10-5.)

In June 2009, Mr. Valenzuela filed in the trial court a postconviction motion pursuant to Rule 35(c) of the Colorado Rules of Criminal Procedure.  (*See* Doc. #10-7.) The trial court denied that motion on August 3, 2009.  (*See* Doc. #10-8.)  The trial

2

court's order denying the Rule 35(c) motion was affirmed on appeal. *See People v.*

*Valenzuela*, No. 09CA1983 (Colo. App. Sept. 30, 2010) (unpublished) (Doc. #10-12).

Mr. Valenzuela did not seek certiorari review in the Colorado Supreme Court in the

postconviction proceedings.

The Court received the habeas corpus application for filing on October 28, 2010.

Mr. Valenzuela asserts the following seven claims for relief:

1.  He was denied a fair trial as a result of the prosecution's misconduct in informing the jury during its opening statement that Mr. Valenzuela's brother, who would not be testifying, already had pled guilty to the same offenses.

2.  He was denied a fair trial as a result of the prosecution's misconduct both in eliciting testimony that a witness had been threatened by Mr. Valenzuela and in making improper closing arguments.

3.  He was denied a fair trial as a result of the trial court's refusal to instruct the jury on self-defense.

4.  There was insufficient evidence to convict him of kidnapping.

5.  He was denied a fair trial as a result of the prosecution's failure to maintain and disclose exculpatory evidence.

6.  Colorado's felony murder statute is unconstitutional.

7.  Trial counsel and counsel on direct appeal were ineffective.

Respondents concede that the instant action is timely filed pursuant to 28 U.S.C.

§ 2244(d).  Respondents also concede that Mr. Valenzuela has exhausted state

remedies for claims one, four, five, and six in their entirety and that Mr. Valenzuela has

exhausted state remedies for the portion of claim two regarding testimony about threats

to a witness.  However, Respondents argue that Mr. Valenzuela failed to exhaust state

remedies for the portion of claim two that relates to the prosecution's closing argument

and all of claim three because those claims were not fairly presented to the Colorado

state courts as federal constitutional claims.  Respondents argue that Mr. Valenzuela

failed to exhaust state remedies for his ineffective assistance of counsel claims because

he did not seek certiorari review in the Colorado Supreme Court in the postconviction

proceedings.

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus

may not be granted unless it appears that the applicant has exhausted state remedies

or that no adequate state remedies are available or effective to protect the applicant's

rights.  *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State*

*Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994).  The exhaustion requirement is

satisfied once the federal claim has been presented fairly to the state courts.  *See*

*Castille v. Peoples*, 489 U.S. 346, 351 (1989).  Fair presentation requires that the

federal issue be presented properly "to the highest state court, either by direct review of

the conviction or in a postconviction attack."  *Dever*, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been

presented to the state courts in order to satisfy the fair presentation requirement.

*Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d

1250, 1252 (10th Cir. 1989).  Although fair presentation does not require a habeas

corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S.

at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary

to support the federal claim were before the state courts."  *Anderson v. Harless*, 459

U.S. 4, 6 (1982) (per curiam).  A claim must be presented as a federal constitutional

4

claim in the state court proceedings in order to be exhausted.  *See Duncan v. Henry*,

513 U.S. 364, 365-66 (1995) (per curiam).

Finally, "[t]he exhaustion requirement is not one to be overlooked lightly."

*Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995).  A state prisoner bringing

a federal habeas corpus action bears the burden of showing that he has exhausted all

available state remedies.  *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

As noted above, Respondents argue that Mr. Valenzuela failed to exhaust the

portion of claim two that relates to the prosecution's closing argument and all of claim

three because those claims were not fairly presented to the Colorado state courts as

federal constitutional claims.  Respondents' entire argument that these claims are not

exhausted is that Mr. Valenzuela's "claim concerning the prosecutor's statements in

closing arguments was not fairly presented to either [the Colorado Court of Appeals or

the Colorado Supreme Court] as a federal constitutional issue" and that he also "did not

fairly present the jury instruction issue as a federal constitutional issue in the Colorado

Court of Appeals or the Colorado Supreme Court."  (Doc. #10 at p.11.)

According to the Supreme Court of the United States,

> [a] litigant wishing to raise a federal issue can easily indicate
> the federal law basis for his claim in a state-court petition or
> brief, for example, by citing in conjunction with the claim the
> federal source of law on which he relies or a case deciding
> such a claim on federal grounds, or by simply labeling the
> claim "federal."

*Baldwin v. Reese*, 541 U.S. 27, 32 (2004); *see also Hawkins v. Mullin*, 291 F.3d 658,

664 (10th Cir. 2002) (reference to due process and Eighth Amendment's freedom from

cruel and unusual punishment in state court pleadings satisfied fair presentation

requirement); ***Nichols v. Sullivan***, 867 F.2d 1250, 1252-53 (10th Cir. 1989) (reference in docketing statement to Fifth Amendment satisfied fair presentation requirement); ***see also Davis v. Strack***, 270 F.3d 111, 122 (2d Cir. 2001) (stating that fair presentation requirement is satisfied by citation in state court briefs to specific provisions of the United States Constitution).

Upon review of Mr. Valenzuela's briefs before the Colorado state courts on direct appeal, the Court finds that Mr. Valenzuela specifically cited federal case law in support of his claim that the prosecution committed misconduct during closing arguments, the portion of his second claim in this action that Respondents assert is unexhausted. (***See*** Doc. #10-1 at pp.46-47; Doc. #10-4 at p.10.) Mr. Valenzuela also specifically identified his third claim in this action, the jury instruction claim, as a federal constitutional claim on direct appeal. (***See*** Doc. #10-1 at p.31; Doc. #10-4 at p.11.) Respondents do not mention these references to federal law in Mr. Valenzuela's state court briefs or present any argument that addresses why these references to federal law do not satisfy the fair presentation requirement. Therefore, the Court rejects Respondents' argument that these claims are not exhausted and finds that Mr. Valenzuela fairly presented both of these claims to the Colorado state courts as federal constitutional claims on direct appeal.

Respondents also argue that Mr. Valenzuela failed to exhaust state remedies for his ineffective assistance of counsel claims because, although Mr. Valenzuela fairly presented the ineffective assistance of counsel claims to the Colorado Court of Appeals in the postconviction proceedings, he did not seek certiorari review in the Colorado

Supreme Court in the postconviction proceedings. Mr. Valenzuela contends that he is not required to present a claim to the Colorado Supreme Court in a petition for writ of certiorari in order to exhaust state remedies because Colorado Appellate Rule 51.1 demonstrates that there is no need to seek such review.

In order to exhaust state court remedies, a claim must be presented to the state's highest court if review in that court is available. *See O'Sullivan*, 526 U.S. at 845. However, "there is nothing in the exhaustion doctrine requiring federal courts to ignore a state law or rule providing that a given procedure is not available." *Id*. at 847-48. Therefore, if a state articulates that a certain avenue for relief is not part of its standard appellate review process, it is not necessary for a defendant to pursue that avenue in order to exhaust state remedies. *See id.*

The State of Colorado has articulated that review in the Colorado Supreme Court is not part of the standard state appellate review process. More specifically, the Colorado Appellate Rules provide that:

> In all appeals from criminal convictions or postconviction relief matters from or after July 1, 1974, a litigant shall not be required to petition for rehearing and certiorari following an adverse decision of the Court of Appeals in order to be deemed to have exhausted all available state remedies respecting a claim of error. Rather, when a claim has been presented to the Court of Appeals or Supreme Court, and relief has been denied, the litigant shall be deemed to have exhausted all available state remedies.

Colo. App. R. 51.1. Pursuant to Colo. App. R. 51.1, the Court finds that review in the Colorado Supreme Court is not required to exhaust state remedies if the claim in question was presented fairly to, and relief was denied by, the Colorado Court of Appeals. As Respondents concede, Mr. Valenzuela fairly presented the ineffective

7

assistance of counsel claims to the Colorado Court of Appeals in the postconviction

proceedings and the Colorado Court of Appeals rejected the ineffective assistance of

counsel claims. Therefore, the Court finds that the ineffective assistance of counsel

claims are exhausted and the Court is not persuaded by Respondents's arguments that

a petition for writ of certiorari still is necessary to exhaust state remedies in Colorado.

The Court's conclusion is supported by the fact that four circuit courts have determined

that state rules similar to Colo. App. R. 51.1 eliminate the need to seek review in the

state's highest court in order to satisfy the exhaustion requirement. *See Lambert v.*

*Blackwell*, 387 F.3d 210, 233 (3d Cir. 2004); *Adams v. Holland*, 330 F.3d 398, 401-03

(6th Cir. 2003); *Randolph v. Kemna*, 276 F.3d 401, 404-05 (8th Cir. 2002); *Swoopes v.*

*Sublett*, 196 F.3d 1008, 1009-10 (9th Cir. 1999).

      In summary, Respondents do not raise the affirmative defense of the one-year

limitation period. Respondents concede that Mr. Valenzuela has exhausted state

remedies for claims one, four, five, and six in their entirety and that Mr. Valenzuela has

exhausted state remedies for the portion of claim two regarding testimony about threats

to a witness. The Court rejects Respondents' arguments that Mr. Valenzuela failed to

exhaust state remedies for the portion of claim two that relates to the prosecution's

closing argument as well as claims three and seven. Therefore, upon completion of the

Court's review pursuant to D.C.COLO.LCivR 8.2C, the case will be drawn to a district

judge and to a magistrate judge. *See* D.C.COLO.LCivR 8.2D. Accordingly, it is

ORDERED that this case shall be drawn to a district judge and to a magistrate judge.

DATED at Denver, Colorado, this __28th__ day of ___February____, 2011.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

### CERTIFICATE OF MAILING

Civil Action No.  10-cv-02681-BNB

Rodney R. Valenzuela
Prisoner No.  96655
Limon Correctional Facility
49030 State Hwy. 71
Limon, CO 80826

I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on February 28, 2011.

GREGORY C. LANGHAM, CLERK

By:_____
                    Deputy Clerk